IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SERVPRO INTELLECTUAL PROPERTY, INC. and SERVPRO INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZEROREZ FRANCHISING SYSTEMS, INC. and ZEROHOLDING, LLC, <br><br> Defendants. | No. 3:17-cv-00699-JPM |

**ORDER GRANTING DEFENDANT ZEROREZ FRANCHISING SYSTEMS, INC.'S MOTION TO DISMISS**

**AND**

**GRANTING IN PART AND DENYING IN PART DEFENDANT ZEROHOLDING, LLC'S MOTION TO DISMISS**

Before the Court are Defendant Zerorez Franchising Systems, Inc. ("Zerorez")'s Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 63) and Defendant Zeroholding, LLC ("Zeroholding")'s Motion to Dismiss (ECF No. 65). The Court has considered the motions, Plaintiffs' responses (ECF Nos. 67 and 68, respectively) and Zerore's reply (ECF No. 69). For the reasons discussed below, Zerorez's motion is GRANTED and Zeroholding's motion is GRANTED IN PART and DENIED IN PART.

I.  **Background**

   a. **Factual History**

This is an action for trademark infringement. Plaintiffs Servpro Intellectual Property Inc. and Servpro Industries, Inc. (collectively, "Servpro") own United States Trademarks Nos.

Page 1

4,515,449 and 4,515,470, which cover the phrase "Here to Help" in the fields of cleaning services and remediation, respectively. (ECF Nos. 62-1, 62-2.) Defendant Zerorez is a Nevada corporation headquartered in Utah, and sells goods and services in the "carpet and living surface cleaning industry." (ECF No. 62, ¶¶ 25; Def's Mot. to Dismiss, ECF No. 64 at 1297[1].) Defendant Zeroholding is a Nevada corporation with a principal place of business in Tennessee. (ECF No. 62, ¶¶ 8, 10.)

Zerorez licenses its intellectual property to franchises located across the United States. (ECF No. 62, ¶ 36. Shupe Decl., ECF No. 28-1, ¶¶ 7-9.) Defendant Zeroholding owns, operates, and controls one such franchise. (Shupe Decl., ECF No. 28-1, ¶¶ 14-15.)

Servpro alleges that a website, http://www.zeroreznashville.com ("the Nashville Website") uses or previously used the phrase "ZEROREZ ® Nashville Is Here To Help!" (ECF No. 62, ¶¶ 53, 67.) Servpro further alleges that Zerorez controls the Nashville Website, and claims that the phrase "ZEROREZ® Nashville Is Here To Help!" infringes on their HERE TO HELP trademark. (Id., ¶¶ 68-69.) Servpro also alleges that similar phrases appeared on other Zerorez franchisees' websites and that Zerorez controls those websites. (Id., ¶¶ 72-73.) Servpro asserts that Zerorez is liable for trademark infringement based on each franchisee's website, and for induced trademark infringement because Zerorez provided the infringing material to the franchisees. (Id., ¶¶ 119-67.) Servpro also asserts that Zeroholding is liable for trademark infringement because the Nahsville Website, which purports to benefit Zeroholding, contained the infringing material. (Id., ¶ 106.) Lastly, Servpro asserts that both Zerorez and Zeroholding violated Tennessee common law regarding

---

[1] Unless otherwise noted, all page numbers refer to the page in the case's PageID index on CM/ECF.

unfair competition based on "Here To Help" appearing on the Nashville Website. (Id., ¶¶ 168-73.)

### b. Procedural History

Servpro filed this action on April 10, 2017. (ECF No. 1.) An initial case management hearing was set for June 12, 2017 (ECF No. 6), but at the parties' request, was continued several times. The matter was transferred to this Court on January 17, 2018 (ECF No. 50), and a telephonic scheduling conference was set for March 20, 2018. (ECF No. 52.)

On June 16, 2017, former Defendants Kim Garrett, William Shupe, and Jim Stone, as well as Zerorez, filed a first motion to dismiss the claims for lack of personal jurisdiction. (ECF No. 14). On July 7, 2017, Servpro filed a response. (ECF No. 20.) Later that same day, Servopro filed a first amended complaint (ECF No. 21); in light of the amended complaint, the Defendants withdrew their first motion to dismiss on July 12, 2017. (ECF No. 24.)

On August 1, 2017, Defendants Kim Garrett, William Shupe, and Jim Stone, as well as Zerorez, filed a motion to dismiss for lack or personal jurisdiction or, in the alternative, to transfer venue. (ECF No. 27.) Servpro filed its response on August 15, 2017 (ECF No. 34) and Defendants filed their reply on August 22, 2017. (ECF No. 35). On September 1, 2017, Zeroholding filed a motion to dismiss the complaint under Rule 12(b)(6). (ECF No. 39.) Servpro filed its response on September 14, 2017 (ECF No. 43) and Zeroholding filed its reply on October 16, 2017. (ECF No. 46). The Court held a telephonic evidentiary hearing on the motions on April 10, 2018. (ECF No. 55.) The Court heard evidence regarding personal jurisdiction over Zerorez and former defendants Garrett, Shupe, and Stone.

Following the evidentiary hearing, Servpro filed a second amended complaint (ECF No. 62) which did not name former defendants Garrett, Shupe, and Stone. In response,

Zerorez filed the instant motion to dismiss for lack of jurisdiction (ECF No. 63) and Zeroholding filed the instant motion to dismiss under Rule 12(b)(6). (ECF No. 65.) Servpro filed responses to both motions (ECF Nos. 67, 68 respectively) and Zerorez filed a reply. (ECF No. 69.)

## II. Zerorez's Motion to Dismiss for Lack of Personal Jurisdiction

Zerorez argues that the Court lacks personal jurisdiction over them because both general jurisdiction and specific jurisdiction are lacking. (ECF No. 64.) Servpro argues that specific jurisdiction is present because Zerorez purposefully availed itself of Tennessee, the causes of action arise out of Zerorez's activities in or directed at Tennessee, and the Court's exercise of jurisdiction would be reasonable. (ECF No. 67.) Servpro also argues that Zerorez waived the defense of personal jurisdiction by entering a general appearance in the case. (Id. at 1341-42.) Zerorez replies that the entry of a general appearance is not a waiver of the personal jurisdiction defense, and reiterate their argument that Servopro has not established a prima facie case that jurisdiction is satisfied. (ECF No. 69.) The Court will address the issue of waiver first and the issue of personal jurisdiction second.

### a. Waiver

#### i. Legal Standard

The relevant inquiry in determining whether a defendant has, through conduct, waived the defense of personal jurisdiction is "whether a defendant's conduct prior to raising the defense has given the plaintiff 'a reasonable expectation' that the defendant will defend the suit on the merits or whether the defendant has caused the court to 'go to some effort that would be wasted if personal jurisdiction is later found lacking.'" King v. Taylor, 649 F.3d 650, 659 (6th Cir. 2012) (quoting Gerber v. Riordan, 649 F.3d 514, 519 (6th Cir. 2011)). In

evaluating a defendant's conduct, a court must "consider all of the relevant circumstances." Id. (citing Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61 (2d Cir. 1999)).

### ii. Application

Zerorez has not waived personal jurisdiction. Servpro argues that Zerorez waived personal jurisdiction based on prior cases that interpreted a defendant's general appearance to constitute consent to personal jurisdiction. (ECF No. 67 at 1341-42.) Zerorez argues that, considering the all of the relevant circumstances, it did not waive the defense of personal jurisdiction. (ECF No. 69 at 1396-99; see also Def's Mot. to Dismiss, ECF No. 27.)

Servpro's reliance on Gerber v. Riordan, 649 F.3d 514 (6th Cir. 2011) is misplaced. Servpro cites Gerber for the "rule" that a defendant waives personal jurisdiction when they enter a general appearance. (ECF No. 67 at 1342.) As Zerorez argues, that "rule" conflicts with prior and subsequent Sixth Circuit decisions. Further, upon careful reading of Gerber itself, the conclusion that the defendants had waived the defense of personal jurisdiction does not appear to be based upon a bright-line rule. Instead, the opinion enunciates a case-specific application of the broader rule that "[o]nly those submissions, appearances and filings that give [P]laintiff a reasonable expectation that [Defendants] will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking result in waiver of a personal jurisdiction defense." Gerber, 649 F.3d at 519 (internal citation and quotation marks omitted). Gerber's analysis trades in facts and specifics of the case, not in generalities. Id. The Sixth Circuit's application of the general rule in that

case, therefore, did not create a bright-line rule that all defendants waive personal jurisdiction by entering general appearances.[2]

Accordingly, the relevant inquiry is whether Zerorez's "conduct prior to raising the [personal jurisdiction] defense has given the plaintiff 'a reasonable expectation' that the defendant will defend the suit on the merits or whether the defendant has caused the court to 'go to some effort that would be wasted if personal jurisdiction is later found lacking." King v. Taylor, 694 F.3d 650, 659 (6th Cir. 2012) (quoting Gerber, 649 F.3d at 519).  In the instant case, the record reflects that Zerorez informed Servpro of their intent to file a motion to dismiss before filing their appearance.  (See Correspondence, ECF No. 28-6.)  Servpro argues that "nothing in Defendants' request for an extension from Servpro suggested they would challenge personal jurisdiction or sought special dispensation."  (ECF No. 3.)  The relevant inquiry, however, is whether the defendant gave Servpro a reasonable expectation that they would defend the suit on the merits; on that inquiry, Zerorez's mention of a motion to dismiss appears to be sufficient.  The record also reflects that Zerorez sought to continue the initial scheduling conference until after the motion to dismiss was filed (ECF No. 11), and did not otherwise cause the court to go to any efforts that would be wasted if personal jurisdiction is later found lacking.  Servpro does not argue otherwise.  Moreover, Zerorez originally filed the motion to dismiss for lack of personal jurisdiction in response to the first amended complaint, and later renewed that motion in response to the second amended complaint.  In sum, Zerorez did not act so as to give Servpro a reasonable expectation that it intended to defend the matter

---

[2] The application of Gerber in a prior Middle District case, Kenyon v. Clare, 3:16-CV-00191, 2016 WL 6995661 (M.D. Tenn. Nov. 29, 2016), is not in conflict with this conclusion because the Kenyon court found only that Gerber's discussion of actions that do not constitute waiver was dicta.  The Kenyon court, therefore, did not consider the interpretation of Gerber discussed above.

solely on the merits and did not cause the Court to waste any efforts by indicating another intention. Accordingly, Zerorez did not waive the defense of personal jurisdiction. Zerorez's personal jurisdiction defense is considered below.

### b. Personal Jurisdiction

#### i. Legal Standard

"'The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists.'" Schneider v. Hardesty, 669 F.3d 693, 697 (6th Cir. 2012) (quoting Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002)). "The weight of the plaintiff's burden, however, depends on whether the trial court chooses to rule on written submissions or to hear evidence on the personal-jurisdiction issue." Serras v. First Tenn. Bank Nat'l Assn., 875 F.2d 1212, 1214 (6th Cir. 1989). Following an evidentiary hearing on personal jurisdiction, the party asserting jurisdiction must show that jurisdiction is proper by a preponderance of the evidence. Id.

The court must have personal jurisdiction over each defendant and as to each asserted claim. SunCoke Energy Inc. v. MAN Ferrostaal Aktiengesellschaft, 563 F.3d 211, 220 (6th Cir. 2009) (White, J., concurring) ("[P]ersonal jurisdiction must be proper as to each claim . . . .") A federal court looks to the state long-arm statute in which it sits to determine the appropriate limitations on personal jurisdiction, then assesses the exercise of jurisdiction, if any, under due process requirements. Federal Rule of Civil Procedure 4(k)(1)(a); see Aristech Chem. Int'l Ltd. v. Acrylic Fabricators, Ltd., 138 F.3d 624, 627 (6th Cir. 1998); Bird, 289 F.3d at 871. Tennessee's long-arm statute is coextensive with the limits of federal due process. Intera Corp. v. Henderson, 428 F.3d 605, 616 (6th Cir. 2005); First Cmty. Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369, 384 (Tenn. 2015), cert. denied sub nom.

Fitch Ratings, Inc. v. First Cmty. Bank, N.A., 136 S. Ct. 2511 (2016); Tenn. Code Ann. § 20-2-223(a). Therefore, the Court need only determine whether exercising personal jurisdiction over defendants is consistent with federal due process. Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 477 (6th Cir. 2003). The Due Process Clause of the Fifth Amendment requires that a non-resident defendant have at least "certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." Conn v. Zakharov, 667 F.3d 705, 712–13 (6th Cir. 2012). "General jurisdiction allows a plaintiff to sue a defendant 'on any and all claims, regardless of the connection (or lack thereof) between the claim and the forum." Maxitrate Tratamento Termico E Controles v. Super Sys., Inc., 617 F. App'x 406, 408 (6th Cir. 2015), cert. denied sub nom. Maxitrate Tratamento Termico E Controles v. Allianz Seguros S.A., 136 S. Ct. 336 (2015) (quoting Daimler AG v. Bauman, 134 S. Ct. 746, 769 (2014)). Under the Due Process Clause, general jurisdiction over a corporation requires that the corporation's "affiliations with the State [be] so 'continuous and systematic' as to render them essentially at home in the forum State." Diamler AG v. Bauman, 134 S.Ct. 746, 761 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). A corporation is "essentially at home" in its state(s) where it is incorporated and where it has its principal place of business. Id. at 760.

Specific jurisdiction "exposes the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum." Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 149 (6th Cir. 1997). A court may thus have specific jurisdiction over a party as to certain matters even if the court lacks general jurisdiction over the party. The Sixth Circuit has established a three-element test for determining when specific jurisdiction exists:

> First, the defendant must purposefully avail [himself] of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

S. Mach. Co. v. Mohasco, 401 F.2d 374, 381 (6th Cir. 1968); see also Harmer v. Colom, 650 F. App'x 267, 272 (6th Cir. 2016). The Sixth Circuit evaluates the first element, purposeful availment, under a "stream of commerce plus" test: "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed toward the forum State." Bridgeport Music, 327 F.3d at 479 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102, 112 (1987) (O'Connor, J.) (plurality op.)). Accordingly, the Court considers "(1) the defendant's direction or control over the flow of a product into the forum; (2) the quantity of the defendant's particular product regularly flowing into the forum; and (3) the distinctive features of the forum that connect it with the product in question." One Media IP Ltd. v. S.A.A.R. SrL, 122 F. Supp. 3d 705, 717 (M.D. Tenn. 2015) (internal citation omitted). The second element, whether the claims "arise from" the defendant's contacts with the forum state, requires "that the cause of action have a 'substantial connection' to the defendant's activity in the state." MAG IAS Holdings, Inc. v. Schmückle, 854 F3d 894, 903

(quoting Bird, 289 F.3d at 875). The Sixth Circuit evaluates the third element, the reasonability of exercising jurisdiction, as "a function of three factors: (1) the burden on the defendant, (2), the interests of the forum State, and (3) the plaintiff's interest in obtaining relief.'" Beydoun v. Wataniya Restaurants Holding, Q.S.C., 768 F.3d 499, 508 (6th Cir. 2014) (quoting Asahi, 480 U.S at 113).

### a. Application

#### i. Burden of Proof

In the instant case, Servpro bears the burden of proving jurisdiction by a preponderance of the evidence. On April 10, 2018, the Court heard evidence on specific personal jurisdiction over Zerorez. Although the motion before the Court is a different motion than was pending during the evidentiary hearing, the substance of Servpro's allegations, Zerorez's arguments, and the relevant proofs are the same as they were on April 10. Zerorez argued as much in its reply (ECF No. 69 at PageID 1395) and Servpro did not seek the Court's leave to rebut that argument.

#### ii. General Jurisdiction

Considering first general jurisdiction, Zerorez argues that general jurisdiction is lacking because it lacks close connections with the State and therefore cannot be considered "at home" here. (ECF No.  .) Servpro has not argued that the court has general jurisdiction over Zerorez. The Court finds that it lacks general jurisdiction over Zerorez, for two reasons. First, Servpro's failure to argue in favor of general jurisdiction over Zerorez is interpreted as a concession that general jurisdiction is absent in the instant case. Second, the complaint itself would not support a finding of general jurisdiction. The complaint asserts that Zerorez is incorporated in Nevada and that its principal place of business is in Utah. (ECF No. 21, ¶¶ 2,

6.) The complaint does not allege that Zerorez has any connections with Tennessee beyond the connections related to the instant claims. Those connections alone are not "continuous and systemic" enough to establish general jurisdiction because they occurred during a narrow period of time and only concerned Zeroholding and the Nashville Website. Accordingly, Zerorez is not subject to general jurisdiction in Tennessee.

### iii. Specific Jurisdiction

Considering next specific jurisdiction, Zerorez argues that specific jurisdiction is lacking because each of the three elements of specific jurisdiction is lacking: (1) it did not purposefully avail itself of Tennessee, (2) Servpro's claims do not arise out of its connections with Tennessee, and (3) the exercise of jurisdiction would not be reasonable. (ECF No. 64 at 1302-09.) Zerorez's arguments are based on the statements made in William Shupe's Declaration (ECF No. 28-1) and made during the April 10, 2018, evidentiary hearing. (ECF No. 64 at 1302-09.) In response, Servpro argues that all three elements of specific jurisdiction are satisfied based on the allegations in the complaint. (ECF No. 67 at 1335-41.) Zerorez, in its reply, argues that Servpro has failed to carry its burden of showing that specific personal jurisdiction exists by a preponderance of the evidence. (ECF No. 69 at 1395-96.)

The Court lacks specific jurisdiction over Zerorez because the cause of action does not arise from Zerorez's actions in Tennessee. Beginning with "purposeful availment," the Sixth Circuit analyzes this element under the "stream of commerce plus" inquiry, which requires that the defendant take actions "purposely directed toward the forum state." Bridgeport Music, 327 F.3d at 479. In the second amended complaint (ECF No. 62), Servpro alleges numerous facts regarding actions taken by Zerorez and its employees, including that Zerorez controls the content of the Nashville Website and that Zerorez is responsible for "Here to

Help" appearing on the Nashville Website. (Id., ¶¶ 53, 56, 68-70.)  After considering Zerorez's affidavits (ECF Nos. 28-1, 28-2, 28-3); the evidence presented at the April 10, 2018, telephonic evidentiary hearing; and the remainder of the record, the Court finds that Servpro has failed to provide any proof for the majority of the allegations in the complaint.  In the instant case, the record supports the findings that Zerorez only purposefully availed itself of doing business in Tennessee by registering the domain name http://www.zeroreznashville.com and by agreeing to establish a franchise in Nashville.  The remainder of the allegations in the complaint are either not supported by the record or are not germane to the inquiry of Zerorez's purposeful availment of Tennessee.[3]

The second inquiry is whether Servpro's cause of action "arises from" Zerorez's connections with Tennessee.  Bridgeport Music, 327 F.3d at 479.  "This requirement is subject to a 'lenient standard,'" Schneider, 669 F.3d at 703 (quoting Bird, 289 F.3d at 875), but that standard must nonetheless be satisfied.  The "arises from" element "does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only that the cause of action, of whichever type, have a substantial connection with the defendant's in-state activities."  Bird, 289 F.3d at 703 (quoting Third Nat'l Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1091 (6th Cir. 1989)) (internal quotation marks and citation omitted).  In the instant case, Zerorez's connections with Tennessee lack the required substantial connection with the cause of action.  Servpro asserts four causes of action:  trademark infringement in violation of two different statutes, induced trademark infringement, and common-law unfair competition.  All four causes of

---

[3] Following the April 10, 2018, hearing, Servpro had the opportunity to take limited discovery on the issue of jurisdiction.  It has not offered any proof to rebut the evidence already of record.

action result from the phrase "Here to Help" appearing on the Nashville Website. Although Zerorez's contacts with Tennessee are nebulously connected with the causes of action, that connection must be substantial in order for the cause of action to arise from Zerorez's contacts here. In the instant case, the connections are simply too attenuated. Zerorez's actions (registering a domain name and contracting to establish a franchisee) preceded the appearance of "Here to Help" on the Nashville Website, but are not otherwise connected with that appearance. Moreover, the record reflects that Zeroholding, not Zerorez, was responsible for the acts that underlie the cause of action. Zerorez did not control the content of the Nashville Website; Zeroholding, which did control that content, is independently owned and independently operated. The record is unambiguous as to those facts. Without a substantial connection between the Zerorez's connections to Tennessee and the causes of action asserted, the Court lacks personal jurisdiction over Zerorez. Having reached this conclusion, the Court finds it unnecessary to determine whether the third element of specific personal jurisdiction—reasonableness of exercising jurisdiction—is satisfied.

Because Zerorez did not waive its challenge to personal jurisdiction and the Court lacks personal jurisdiction over it, Zerorez's motion to dismiss is hereby GRANTED.

### III. Zeroholding's Motion to Dismiss for Failure to State a Claim

Zeroholding seeks dismissal of Servpro's complaint for failure to state a claim upon which relief can be granted.

#### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if

everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss tests only whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434 (6th Cir. 1988).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal citation omitted). "[F]or the purposes of a motion to dismiss," a court "must take all of the factual allegations in the complaint as true," but "we are not bound to accept as true a legal conclusion couched as a factual allegation." Id. See also Terry v. Tyson Farms, Inc., 604 F.3d 272, 276 (6th Cir. 2010) ("[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice.") "If an allegation is capable of several inferences, the allegation must be construed in a light most favorable for the plaintiff." Mayer v. Mylod, 988 F.2d at 638 (internal citation omitted).

"Courts generally cannot grant motions to dismiss on the basis of an affirmative defense[.]" Pfeil v. State Street Bank & Trust Co., 671 F.3d 585, 600 (6th Cir. 2012) abrogated on other grounds by Fifth Third Bancorp v. Dudenhoffer, 134 S.Ct. 2459 (2014). "A motion to dismiss can be premised on an affirmative defense, however, if 'the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.'" Marsh v. Genentech, Inc., 693 F.3d 546, 554-555 (6th Cir. 2012) (quoting 5B Wright & Miller Fed. Practice & Procedure § 1357 at 713 (3d ed. 2004)).

### b. Application

Two of Zeroholding's arguments raise affirmative defenses—no likelihood of confusion and fair use—to Servpro's complaint. (ECF No. 66 at 1325-28.) "Courts generally cannot grant motions to dismiss on the basis of an affirmative defense[.]" Pfeil v. State Street Bank & Trust Co., 671 F.3d at 600. The exception to that rule—that the affirmative defense is apparent on the face of the complaint—does not apply to either argument. Zeroholding's argument regarding likelihood of confusion is that the words "here to help" were not used to identify Zeroholding as a source of services. (ECF No. 66 at PageID 1326-27.) At the motion to dismiss stage, however, "an allegation [that] is capable of several inferences . . . must be construed in a light most favorable for the plaintiff." Mayer v. Mylod, 988 F.2d at 638. For the purposes of evaluating the motion to dismiss, the phrase "here to help" is construed to infer a source of services. Zeroholding's argument regarding fair use is not convincing for the same reason. The fair use defense requires the Court to inquire as to the meaning of the trademarked phrase as it is used by the defendant and determine that the phrase is used descriptively. (ECF No. 66 at 1327-28). On a motion to dismiss, the trademarked phrase is construed the light most favorable to the plaintiff; for the purposes of this motion, the phrase "here to help" is construed as falling outside the fair use defense. Because both of Zeroholding's affirmative defenses do not succeed at this stage, its motion to dismiss is DENIED as to those arguments.

Zeroholding's third argument is that it is not liable for other defendants' and third parties' alleged uses of "here to help." (ECF No. 66 at 1329-30.) Zeroholding asserts that the complaint does not allege facts that would subject it to vicarious liability for Zerorez's and other Zerorez franchises' actions. (Id.) Servpro does not oppose this argument. (See ECF

No. 68.) The argument is thus unopposed. Further, after reviewing the complaint (ECF No. 62), the Court finds that even when drawing all inferences in Servpro's favor, the complaint fails to allege vicarious liability or contributory liability against Zeroholding for the actions of Zerorez or any other Zerorez franchises. The only allegations made against Zeroholding as to induced infringement are that "Zeroholding contributed to the infringement by contributing content to the Nashville Website" and" Zeroholding induced infringement because the infringing material appeared on a website (the Nashville Website) purporting to benefit or be controlled by Zeroholding and because the infringing material appeared on Zeroholding's other websites for its Huntsville and Oklahoma City franchises." (ECF No. 62, ¶¶ 159, 160.) These allegations, even if true, do not amount to induced trademark infringement. Accordingly, the motion to dismiss is GRANTED as to claims against Zeroholding for induced trademark infringement.

## IV. Conclusion

For the foregoing reasons, Zerorez's motion to dismiss for lack of personal jurisdiction is GRANTED. Zeroholding's motion to dismiss is GRANTED as to the claims against it for induced trademark infringement but DENIED as to the other claims against it. The claims remaining are Servpro's claims against Zeroholding for trademark infringement and unfair competition.

**SO ORDERED**, this 9th day of July, 2018.

      /s/ Jon P. McCalla
      JON P. McCALLA
      UNITED STATES DISTRICT JUDGE